THE STATE, WILKINSON E. JONES, PROSECUTOR, v. JOHN H. CARRAGAN, COLLECTOR, &c., BAYONNE.

Where a street was laid out by certain so called map and grade commissioners, whose only duty it was to adopt a certain scheme for streets and avenues, which streets and avenues might or might not thereafter be opened and devoted to public use, and several years after such laying out and before the ordinance opening the street was passed, the land owner erected buildings within the line of the street so laid out, *Held*—

That while the opening of the street was thus in abeyance, the land owner was not deprived of the right to use his land in any lawful manner, and not to allow him for his buildings erected before the ordinance opening the street was passed, would, in substance, be to allow a taking of private property for public use, without making any just compensation therefor.

State, Jones, Pros., v. Carragan, Collector.

On *certiorari* to set aside assessment for the opening of street in the city of Bayonne.

Argued at June Term, 1872, before Justices DALRIMPLE, DEPUE, and VAN SYCKEL.

For the prosecutor, *Wm. A. Lewis.*

For the defendant, *L. Abbett.*

The opinion of the court was delivered by

DALRIMPLE, J.   All objections to the assessment, on the ground that the notice of application for the opening of the street, was not given as required by the city charter, are considered untenable, because no such objections are specified in the reasons filed.   If the prosecutor desired to avail himself of these objections, they should have been contained in the reasons, and the defendant given an opportunity to take evidence to show that this apparent defect in the proceedings has no existence in fact, (*Laws of* 1869, *p.* 1211, § 2,) nor is the court willing to interfere with the determination of the commissioners in respect to the amount of the assessment for benefits or damages.   The evidence does not satisfy us that any such mistake has been made in respect to these questions of fact, as would justify a reversal of the assessment on this ground, we are not prepared to hold, as the evidence is presented to us, that the prosecutor has, in this regard, been injured.

The assessment must, however, be set aside, on the ground that the prosecutor was not allowed for his buildings within the line of the street, erected before the ordinance opening the street was passed.   The answer to this objection is, that the street was laid out by certain so-called map and grade commissioners, several years before the buildings were erected, and that from the time of such laying out of the street, the land owner could not rightfully, as against the public, erect improvements within the line of the street and compel the public to pay for them.   But it will be found, by an exami-

nation of the several acts of the legislature, relating to the subject, that the only duty of the map and grade commissioners, was to adopt a certain scheme for streets and avenues, which streets and avenues might or might not thereafter be opened and devoted to public use, whether they would be or not, depended on a variety of circumstances.

We do not think, while the opening of the street was thus in abeyance, the land owner was deprived of the right to use his property in any lawful manner. To so hold would be in substance to allow a taking of private property for public use without making just compensation therefor. If the improvements should be made in bad faith, with intent to throw an undue burthen on the public, another element would enter into the consideration of the question, which might perhaps produce a different result. There is however no such question in this case.

The assessment against the prosecutor must be set aside.